**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 05-1365-DCB-CRP |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| (3) Julio Lizarraga-Tomayo,<br>(2) Santiago Garcia-Ortiz, | |
| Defendant. | |

Defendant, Julio Lizarrago-Tomayo, moves to dismiss the indictment, arguing that the issuance of the indictment improperly cancelled the preliminary hearing date. The Government opposes the motion, arguing that the Federal Criminal Rules of Procedure explicitly call for that result. At oral argument, Defendant, Santiago Garcia Ortiz, orally applied to the court to join the motion.

This Court agrees with the Government that the issuance of the indictment in this case obviated the need for a preliminary hearing. For that reason, this Court recommends that the District Judge **DENY** the motion.

FACTS

The three defendants in this case were arrested on June 28, 2005, in Organ Pipe Cactus National Monument. They appeared for their initial appearance the next day, June 29, 2005.

1 On July 6, 2005, all three defendants announced they would not waive the preliminary 2 hearing. At the Government's request, the Preliminary hearing was continued until July 14, 3 2005. On July 13, 2005, the Grand Jury issued an indictment against these defendants. The 4 preliminary hearing was vacated by the court.

5 The essence of the defendants' argument is that once a date for the preliminary hearing 6 is fixed by the Court, it must take place. The statute does not support this argument.

7 The procedure for preliminary hearings is provided for in 18 U.S.C. § 3060. The date 8 of the hearing shall be "fixed" by the magistrate judge at initial appearance, and for persons 9 in custody, that date shall be no later than 10 days following the initial appearance. 18 U.S.C. 10 §3060(b). In this case, July 14, 2005, was the tenth day following the initial appearance. 11 Rule 45(a)(2), Fed. R. Crim. P. If an indictment is returned "prior to the date fixed for the 12 preliminary examination," no preliminary hearing is required. 18 U.S.C. § 3060(e). 13 Subsection (e) clearly referred to the indictment issuing prior to the date of the preliminary 14 hearing, not prior to the date when the judge determines on what date the hearing will be 15 held. The indictment in this case issued the day prior to the preliminary hearing, so no 16 preliminary hearing was required in this case.

17 The defendants are entitled to a prompt probable cause determination, but they are not 18 entitled to elect whether that determination will be made by a preliminary hearing or a grand 19 jury. The Court accepts that there is a substantial difference between those two proceedings 20 from the defense perspective. However, Congress has explicitly left to the Government the 21 freedom to chose between the two procedures.

22 For these reasons, this Court recommends that the District Judge, after his independent 23 review and consideration, **DENY** the Motion to Dismiss: Due Process Violation (Docket # 24 38).

25 . . . . . . . . .

26 . . . . . . . . .

27 . . . . . . . . .

28

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 05-01365-TUC-DCB.

DATED this 31st day of October, 2005.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE