# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-05-1365-TUC-DCB(CRP) |
| Plaintiff, | |
| v. | |
| (3) Julio Lizarraga-Tomayo, | **ORDER** |
| (2) Santiago Garcia-Ortiz, | |
| Defendants. | |

Pending before the Court is Magistrate Judge Pyle's Report and Recommendation on Defendant's Motion to Dismiss Indictment. For the reasons set forth below, the Report and Recommendation is adopted and Defendant's Motion is denied.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested on June 28, 2005, with two other co-Defendants, and charged with two counts of conspiracy to possess with intent to distribute marijuana. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii). A Complaint was filed on June 29, 2005 and Defendant made an initial appearance before a magistrate judge on June 29, 2005. He made another appearance when he was appointed counsel by a magistrate judge on July 6, 2005 and given a preliminary hearing date of July 14, 2005. On July 13, 2005, all Defendants were indicted, the preliminary hearing date was vacated, and an arraignment date was set for July 21, 2005.

On October 14, 2005, Defendant filed a Motion to Dismiss the Indictment. On October 26, 2005, the USA filed a Response. On October 27, 2005, a hearing on this motion was held before Judge Pyle. At that time, Defendant Santiago Garcia-Ortiz orally joined the motion. On November 1, 2005, Judge Pyle issued a Report and Recommendation that the

Motion to Dismiss Indictment should be denied.  On November 10, 2005, Defendant filed an objection.  On October 18, 2005, the USA filed a Response and on November 28, 2005, Defendant filed a Reply.

## DISCUSSION

Defendant's primary argument is that once a preliminary hearing is requested and set by a court, nothing can interfere with the Defendant's right to have the preliminary hearing, even an intervening indictment. The Report and Recommendation correctly found that the Defendant is entitled to a prompt probable cause determination, but he is not entitled to elect whether that determination will be made by a preliminary hearing or a grand jury.  The Report and Recommendation correctly concluded that  "Congress has explicitly left to the Government that freedom to chose between the two procedures", as follows:

> § 3060. Preliminary examination
>
> * * *
>
> (b) The date for the preliminary examination shall be fixed by the judge or magistrate judge at the initial appearance of the arrested person.  Except as provided by subsection (c) of this section, or unless the arrested person waives the preliminary examination, such examination shall be held within a reasonable time following initial appearance, but in any event not later than--
>
> * * *
>
> (e) No preliminary examination in compliance with subsection (a) of this section shall be required to be accorded an arrested person, nor shall such arrested person be discharged from custody or from the requirement of bail or any other condition of release pursuant to subsection (d), if at any time subsequent to the initial appearance of such person before a judge or magistrate judge and prior to the date fixed for the preliminary examination pursuant to subsections (b) and (c) an indictment is returned or, in appropriate cases, an information is filed against such person in a court of the United States.

A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court.  18 U.S.C. § 3060; Fed.R.Crim.P. 5(c).  If a defendant is in custody, the magistrate must schedule the preliminary examination within 10 days.  18 U.S.C. § 3060(b)(1); Fed.R.Crim.P. 5(c).  If, however, an indictment is filed against the defendant before the date scheduled for the preliminary examination, the examination should not be held.  18 U.S.C. §

3060(e); Fed.R.Crim.P. 5(c).  A defendant who has been held in custody without receiving a preliminary examination and without being charged by the appropriate indictment or information should be discharged from custody without prejudice to the filing of further criminal proceedings.  18 U.S.C. § 3060(d);  Fed.R.Crim.P. 5(c).  This remedy extends only to defendants who remain in custody without being properly charged.

Denial of a preliminary examination for an indicted defendant does not violate his Fifth Amendment right to due process; once an indictment is returned, defendant's Fifth Amendment rights have been satisfied, and there is no reason to hold a preliminary examination. *United States v. Aranda-Hernandez,* 95 F.3d 977, 979-80 (10th Cir. 1996) (there is no federal constitutional right to a preliminary examination--"[d]ue process attaches only to a right to a judicial determination of probable cause"), *cert.denied*, 520 U.S. 1144 (1997). If an indictment has been returned and a defendant is subsequently convicted, the conviction will not be reversed for failure to hold a preliminary examination. *Gerstein v. Pugh,* 420 U.S. 103, 119 (1975);  *United States v. Bohrer,* 807 F.2d 159, 161 (10th Cir. 1986);  *Austin v. United States,* 408 F.2d 808, 810 (9th Cir. 1969) (defendant is deprived of no substantial rights when a preliminary examination is not conducted)**.**

## CONCLUSION

Defendant's objections to the Report and Recommendation are without merit.  The preliminary hearing date was automatically vacated upon indictment of the Defendant.  There is no basis to the argument the government was estopped from seeking an indictment because of the preliminary hearing date.  Those dates are routinely set by the Court and have no bearing on the government's discretionary decisionmaking.  Defendant does not have a fundamental right to a preliminary hearing.  *Id.*; *Howard v. Cupp*, 747 F.2d 510 (9th Cir. 1984), *cert.denied*, 471 U.S. 1021 (1985).  An indictment establishes probable cause and makes a preliminary hearing unnecessary. The indictment was returned in a reasonable period of time.  Fed.R.Crim.P. 45.

1  **Accordingly,**

2  **IT IS ORDERED** by this Court, having performed an independent review of the
3  record, that Magistrate Judge Pyle's Report and Recommendation (Doc. No. 49) is
4  **ADOPTED.**

5  **IT IS FURTHER ORDERED** that the Motion to Dismiss the Indictment (Doc. No.
6  38) is **DENIED**.

7  DATED this 1st day of December, 2005.

David C. Bury
United States District Judge

4